IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>      Plaintiff,<br><br>v.<br><br>K. LYNN BENNETT, et al.,<br><br>      Defendants. | Civ. No. 04-0181-S-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it the BLM's motion for extension of deadlines. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant in part and deny in part the motion.

## ANALYSIS

An evidentiary hearing is set in this case for October 27, 2008. The Court issued a Scheduling Order, setting deadlines for, among other things, the BLM to file two categories of documents: (1) current authorizations for the 36 allotments at

**Memorandum Decision & Order – page 1**

issue; and (2) documents concerning the condition of each allotment.

The BLM now seeks to extend the deadline for submitting these two categories of documents. With regard to the first category – the current authorization documents for the 36 allotments – the BLM asserts that it will take them "at least 150 hours" to review its files and make a "determination of what is relevant as to each grazing authorization." *See BLM Brief* at p. 3.

This response is perplexing. To effectively monitor compliance, the BLM obviously needs quick access to the source documents that authorize grazing and impose standards and restrictions. The Court cannot imagine that the BLM's filing system is so haphazard that only with immense effort can it locate those documents. The Court is not persuaded that the collection of current authorization documents is the "arduous task" described by the BLM.

The second category – documents concerning the condition of each allotment – may be more difficult to collect because it includes studies of areas or regions that do not align with allotment boundaries. The BLM will have to go outside the individual files of each allotment to gather these documents, and will have to know whether the region studied encompasses the allotments at issue. So this second category is deserving of a time extension. Accordingly, the Court will extend the deadline to provide this second category of documents until July 31,

**Memorandum Decision & Order – page 2**

2008.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to extend (docket no. 216) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks an extension of the deadline to submit the second category of documents – the documents concerning the condition of each allotment (monitoring reports, etc.) for the period of the last ten years – on or before July 31, 2008. It is denied in all other respects.

DATED:  **July 23, 2008**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 3**