IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| WESTERN WATERSHEDS PROJECT, | ) ) ) | |
|---|---|---|
| | ) | Civ. No. 04-181-S-BLW |
| Plaintiff, | ) ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) ) | AND ORDER |
| UNITED STATES FOREST SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

The Court has before it a motion to reconsider filed by WWP and a motion to dismiss filed by the BLM. For the reasons explained below, the Court will deny both motions.

## ANALYSIS

**Motion to Reconsider**

WWP seeks reconsideration of the Court's decision rejecting WWP's attempt to ban all grazing on the Inside Desert and Poison Butte allotments and refusing to set aside the injunction issued by Judge Williams that allows some grazing under strict restrictions. WWP claims that Judge Williams' injunction does not provide adequate protection for sage grouse and slickspot peppergrass in these two allotments.

The Court's decision required the BLM to "maintain or enhance" sensitive species and to

**Memorandum Decision & Order – page 1**

ensure that wildlife goals and watershed needs would be satisfied prior to allowing increases in livestock use in the Jarbidge Field Office (JFO).  It forbid the BLM from continuing to authorize "grazing-as-usual" in unburned areas following the Murphy Fire.  The Court retained jurisdiction to ensure that this direction was followed in upcoming grazing authorizations.  The Court did not, however, ban grazing on any of the 98 allotments in the JFO, holding that "[t]he Court is confident that the BLM will comply with this new direction in its grazing authorizations so that the Court does not need to intervene at this time . . . ." *See Memorandum Decision* at p. 69, ¶ 77.

The Court previously considered the evidence identified by WWP in its motion to reconsider.  That motion contains nothing new to persuade the Court to carve out the Insider Desert and Poison Butte allotments – already protected by Judge Williams' injunction – from its decision on the other 96 allotments.  Accordingly, the Court will deny the motion to reconsider.

**Motion to Dismiss**

The BLM seeks to dismiss this case, alleging that all issues have been resolved.  WWP objects, claiming that some issues remain that can be resolved quickly on brief motions for partial summary judgment.  The Court will give the parties an opportunity to file brief motions for partial summary judgment, and hence will deny the motion to dismiss.  The Court will set the following restrictions on the motions: (1) All remaining motions must be filed on or before March 1, 2010; (2) The briefing will be limited to one-half the normal page limitations; and (3) No oral argument will be held unless the Court in its discretion decides that it is necessary.

Once the motions are resolved, the case will be dismissed.  Any party may file a motion to re-open the case if the Court's rulings are not being followed.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no.364) is DENIED.

IT IS FURTHER ORDERED, that the motion to dismiss and for entry of final judgment (docket no. 365) is DENIED.

IT IS FURTHER ORDERED, that (1) All remaining motions must be filed on or before March 1, 2010; (2) The briefing will be limited to one-half the normal page limitations; and (3) No oral argument will be held unless the Court in its discretion decides that it is necessary.

DATED: **January 26, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge