IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT | |
| Plaintiff, | Case No.  CV 04-181-S-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| STEVEN ELLIS, Director, Idaho State Office, Bureau of Land Management; RICK VANDERVOET, Jarbidge Field Manager, BLM; BUREAU OF LAND MANAGEMENT, an agency of the United States, | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion to stay the injunction filed on August 1, 2005.

*See Memorandum Decision and Order (Dkt. 123).*  The motion is fully briefed and at

issue.  For the reasons explained below, the Court will deny the motion but will give the

permittees until May 3, 2011, to remove the cattle from the enjoined areas.

## BACKGROUND

In 2005, the Court enjoined grazing on 28 allotments in the Jarbidge Resource

Area (JRA).  Thereafter, the parties reached agreement in a Stipulated Settlement

Agreement (SSA) to, among other things, allow grazing to proceed under Interim Grazing

Management Plans (IGMPs) through 2010.  When the parties were unable to agree on

extending the IGMPs into the 2011 grazing season, the BLM brought a motion to extend

the conditions.  The Court denied the motion, refusing to extend an agreement when there

was no longer any agreement.

The dissolution of the IGMPs meant that grazing was once again enjoined on the

28 allotments, as the Court's original decision was never withdrawn and remains in

effect.  The BLM accordingly notified permittees that they needed to move their cattle off

the 28 allotments.

The permittees responded by filing a motion to set aside the Court's injunction, on

the ground of improved conditions, and a motion to stay the injunction until the motion to

set aside the injunction could be resolved.  The parties agreed to a temporary stay of the

injunction on three pastures until the Court could resolve the motion to stay.

## ANALYSIS

If granted, a stay would essentially give the BLM and permittees the same relief

they requested in their motion to extend the IGMPs.  For that reason, the motion to stay

should be denied on the same grounds as the motion to extend the IGMPs.

It is not quite that simple, however.  The motion to stay raises two additional

grounds.  First, removing the cattle now will require bunching them together and cause

trampling damage to wet, muddy ground.  Second, two permittees (Camas Creek and

Cedar Creek) have over 2,000 cows (on 5 different pastures) that have just given birth or

are about to do so.  These newly-born calves could die or become seriously weakened by

having to walk long distances if required to move off the pastures where they are now

**Memorandum Decision & Order - 2**

located.

With regard to the first argument, there will always be damage caused by the bunching of cattle when they are removed from an allotment pursuant to an injunction enjoining grazing. If that became a reason to stay the injunction, no injunction on grazing would ever take effect. The Court therefore rejects this argument.

The second argument is stronger but ultimately not persuasive. The Declarations explaining the dangers of moving birthing cows stated that the calving should end about now. While calves face dangers walking long distances, the Declaration of Kenneth Cole shows that an improved main road runs by many of these allotments, and would be available for hauling cattle. The permittees respond that the road is too muddy to use. *See, e.g. Oman Declaration (Dkt. 456)* ¶ 28 at p. 9. But Cole describes a semi-truck with a livestock trailer traveling on the road on March 1, 2011, and includes a photograph of the truck. *See Cole Declaration (Dkt. 447-3)* at p. 7. It would appear that even if the road is too muddy at times, it is passable at other times.

In the final analysis, the Court cannot find either reason compelling enough to warrant staying the injunction. The Court will, however, give the permittees a window to time to move the cattle in order to avoid muddy and impassible roads. In addition, the Court will direct the Clerk to set an evidentiary hearing as soon as possible on the motion to set aside the injunction.

The Court recognizes that the injunction is causing substantial financial losses to the permittees. However, the Court's injunction is now in effect due to dissolution of the

**Memorandum Decision & Order - 3**

agreement of the parties and the BLM's original violations of NEPA, FLPMA, and the

JRA RMP.  Until that injunction is lifted, the cattle must be removed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (docket

no. 433) is DENIED.

IT IS FURTHER ORDERED, that the permittees shall be required to move their

cattle off the enjoined allotments when conditions allow, but in no event later than May 3,

2011.

IT IS FURTHER ORDERED, that the Clerk set a hearing on the motion to set

aside injunction (docket no. 431).

DATED:  **April 13, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court